823 F.2d 547
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Willard Larry MABREY, Plaintiff-Appellant,
v.
ROY WHITES FLORIST, INC., Roy White, Sr., Edward White,
Margaret White, Jimmy White, Defendant-Appellee.
 No. 87-3523
 United States Court of Appeals, Fourth Circuit.
 Submitted May 29, 1987.
Decided July 7, 1987.
 
 Willard Larry Mabrey, appellant pro se.
 John James Doyle, Jr., Weinstein & Sturges, PA, for appellees.
 Before ERVIN, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Willard Mabrey has filed this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq. (Title VII), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. Sec. 621, et seq. (ADEA), alleging that he was discharged from his employment because of age and sex discrimination.
 
 
 2
 Mabrey was hired by Roy White's Flowers, Inc. in 1984. On October 1, 1986, Mabrey was dismissed from his position; within the week he filed a discrimination claim with the Equal Employment Opportunity Commission (EEOC). On October 21, 1986, he filed this action in federal court. In January 1987, the EEOC issued a right to sue letter, which was filed in Mabrey's district court action. On February 13, after receipt of the right to sue letter, the district court entered an order dismissing the action.
 
 
 3
 Both Title VII and the ADEA require the exhaustion of administrative remedies prior to filing a civil action in federal court. See 42 U.S.C. Sec. 2000e-5(f)(1); 29 U.S.C. Sec. 626(d). However, this requirement may be equitably modified to preclude dismissal where exhaustion is completed during the pendency of the federal litigation. See Pinkard-Pullman-Standard, 678 F.2d 1211, 1215 (5th Cir. 1982), cert. denied, 459 U.S. 1105 (1983); Soble v. University of Maryland, 572 F. Supp. 1509 (D.Md. 1983). Where, as here, a right to sue letter is filed in the district court prior to dismissal and there is no showing that early filing of the complaint has interfered with the administrative function or prejudiced the defendants, the complaint should not be dismissed as premature.
 
 
 4
 Accordingly, we vacate the judgment of the district court and remand the case for further consideration. Although Mabrey's allegations that he was discharged on account of his age and/or sex are vague, we cannot say beyond a doubt that he can prove no set of facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). We dispense with oral argument because the dispositive issues have been decided authoritatively.
 
 
 5
 VACATED AND REMANDED.